*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 20, 2022

Plaintiff-Appellee,

v

No. 355549
Wayne Circuit Court
LC No. 15-000373-01-FC

DEMETRIUS TROY BRADLEY,

Defendant-Appellant.

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the order denying his motion for relief from judgment.[2] Defendant was charged with first-degree premeditated murder, MCL 750.316; assault with intent to commit murder, MCL 750.83; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. His first trial was declared a mistrial when the jury was unable to reach a verdict. On retrial, defendant was acquitted of first-degree murder and the lesser included offense of second-degree murder, MCL 750.317, but was convicted of assault with intent to murder, felony-firearm, and felon-in-possession. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 35 to 55 years for the assault conviction, and one to five years for the felon-in-possession conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction.

---

[1] *People v Bradley*, unpublished order of the Court of Appeals, entered March 29, 2021 (Docket No. 355549).

[2] There are three prior related appeals originating from the same trial court case number.

On appeal, defendant argues the trial court erred when it assigned 100 points to Offense Variable (OV) 3, MCL 777.33, because the trial court improperly considered defendant's acquitted conduct when it scored OV 3. We affirm.

## I. BACKGROUND

The factual background of this case was explained in the opinion addressing defendant's initial appeal to this Court:

> On December 18, 2014, Larnell Fleming and his friend, John Petty, were driving to a nightclub in Fleming's van when another vehicle began following them. The front seat passenger in the other vehicle leaned out the window and began firing a gun at the van. Fleming sped away with the other vehicle in pursuit. Fleming lost control of his van and crashed into another car. Fleming survived, but Petty was ejected from the van and died from internal injuries. Fleming identified defendant as the shooter, and at the time of defendant's arrest, an explosives-detection dog alerted on the coat that he had been wearing, indicating the presence of "some sort of explosive residue" on the coat. In a recorded police interview, defendant initially denied having been in the car. Later in the interview, defendant admitted that he was in the car but asserted that he was in the back seat and did not fire any shots. [*People v Bradley*, unpublished per curiam opinion of the Court of Appeals, issued August 15, 2017 (Docket No. 331146), p 1.]

After defendant was sentenced, he appealed his judgment of sentence, arguing he received ineffective assistance of counsel, and the trial court improperly assessed several OVs, including OV 3, and admitted inadmissible evidence. This Court affirmed defendant's convictions. *Bradley*, unpub op at 6. After this Court's decision, defendant moved, in the trial court, for relief from judgment. The trial court denied defendant's motion, and he sought leave to appeal with this Court, but the application was denied. *People v Bradley*, unpublished order of the Court of Appeals, entered April 17, 2020 (Docket No. 352376). Defendant's application for leave to appeal was likewise denied by the Supreme Court. *People v Bradley*, 506 Mich 962; 950 NW2d 724 (2020). After *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019), was decided, defendant again moved for relief from judgment, arguing *Beck* applied and the trial court's assessment of points for OV 3 was contrary to *Beck*. Defendant was denied relief in the trial court.

## II. STANDARD OF REVIEW

This Court "review[s] de novo the trial court's interpretation of the statutory sentencing guidelines." *People v Dumback*, 330 Mich App 631, 637; 950 NW2d 493 (2019), citing *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003). Construction of the sentencing guidelines requires this Court to apply rules of statutory interpretation. *People v Savage*, 327 Mich App 604, 617; 935 NW2d 69 (2019). " '[This Court's] goal in interpreting a statute is to ascertain and give effect to the intent of the Legislature . . . . If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written.' " *Dumback*, 330 Mich App at 637, quoting *People v Hardy*, 494 Mich 430, 439; 835 NW2d 340 (2013).

This Court reviews for clear error the trial court's factual determinations at sentencing and "review[s] de novo whether the factual determinations were sufficient to assess points under [an] OV." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016); see also *People v Bailey*, 330 Mich App 41, 60; 944 NW2d 370 (2019). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016). In addition, "[t]he retroactivity of a court's ruling presents an issue of law that [this Court] reviews de novo." *People v Maxson*, 482 Mich 385, 387; 759 NW2d 817 (2008).

## III. DISCUSSION

Defendant contends the trial court erred in assessing 100 points for OV 3, as it was based upon a finding that Petty was killed as a result of a chain of events initiated by defendant.

"Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655 (2009). OV 3 concerns physical injury to a victim. MCL 777.33(1). In assessing points for OV 3, a trial court must analyze the circumstances of the case and assign the highest point value that applies to a defendant's situation. *People v Houston*, 473 Mich 399, 401; 702 NW2d 530 (2005); MCL 777.33(1). MCL 777.33 provides for the assessment of points:

> (1) Offense variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following subdivisions apply and by assigning the number of points attributable to the applicable subdivision that has the highest number of points:
>
> (a) A victim was killed                                    100 points.
>
> *   *   *
>
> (2) All of the following apply to scoring offense variable 3:
>
> *   *   *
>
> (b) Score 100 points if death results from the commission of a crime and homicide is not the sentencing offense. [MCL 777.33(1)(a); MCL 777.33(2)(b).]

Defendant argues that under *Beck*, 504 Mich at 626, the trial court's assessment of points for OV 3 was in error. Although the trial court appeared to assume, without deciding, that *Beck* applied to this case, it does not. It is true that *Beck*, "is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *People v Beesley*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 348921); slip op at 7 n 4. However, defendant was sentenced on December 4, 2015, and his sentence was affirmed by this Court on August 15, 2017, which was before *Beck* was decided. *Bradley*, unpub op at 6. Moreover, defendant challenged the trial court's assessment of OV 3 in that direct appeal. Since this case was final before *Beck* was decided, *Beck* cannot be retroactively applied in this instance. *Beesley*, ___ Mich App at ___; slip op at 7 n 4.

Even if *Beck* applied retroactively, the trial court properly considered defendant's conduct underlying the assault with intent to murder, felon-in-possession, and felony-firearm charges, not the acquitted conduct. Under *Beck*, "when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt, that a defendant engaged in certain conduct, the defendant continues to be presumed innocent." *Beck*, 504 Mich at 627. "[C]onduct that is protected by the presumption of innocence may not be evaluated using the preponderance-of-the-evidence standard without violating due process." *Id.* In applying *Beck*'s holding and reasoning, this Court has determined, "sentencing court[s] may not rely even in part on acquitted conduct when imposing a sentence[,]" but sentencing courts do not "violate that principle by considering the entire res gestae of an acquitted offense." *People v Stokes*, 333 Mich App 304, 310; 963 NW2d 643 (2020). Additionally, "*Beck* does not preclude a sentencing court from generally considering the time, place, and manner in which an offense of which a defendant has been convicted is committed." *Id.* at 311. Indeed "*Beck* expressly permits trial courts to consider uncharged conduct and any other circumstances or context surrounding the defendant or the sentencing offense." *Beesley*, ___ Mich App at ___; slip op at 7.

As noted, a trial court may assess 100 points for OV 3 if "death results from the commission of a crime and homicide is not the sentencing offense." MCL 777.33(2)(b). Defendant incorrectly argues the trial court erred when it considered any of the events that occurred before Fleming crashed the vehicle, because that conduct relates to the first-degree murder charge, of which defendant was acquitted. Defendant was acquitted of first-degree murder and the lesser included offense of second-degree murder, but was convicted of felon-in-possession, felony-firearm, and assault with intent to commit murder. Those acquittals did not preclude the trial court from considering defendant's status as a felon-in-possession, or his shooting at the vehicle before the accident, and the resulting death of Petty, in assessing points for OV 3.

Under *Stokes*, a court may consider the time, place, and manner in which an offense that defendant was convicted of was committed without violating *Beck*. *Stokes*, 333 Mich App at 311. Here, the trial court did not consider the first-degree murder charge in its assessment of points for OV 3, as the trial court only considered whether homicide was the sentencing offense and whether a death resulted from the commission of a crime, and found Petty's death resulted from "the commission of [defendant's] assault on Mr. Fleming with the intent to murder him." In analyzing defendant's actions that occurred before the motor vehicle accident, the trial court properly considered the time, place, and manner in which an offense that defendant was convicted of was committed, not defendant's acquitted conduct. At sentencing, the trial court did not mention defendant's first-degree murder charge in its assessment of points for OV 3, instead noting "[Petty's] death resulted from the commission of the crimes involving weapons." Indeed, the trial court explicitly found "there is sufficient evidence on the record that the use of the firearm in this case resulted in death." Thus, the trial court did not err when it assessed 100 points for OV 3.

Affirmed.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Christopher M. Murray

-4-